## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                             **CRIMINAL NO. 1:23-cr-117-TBM-BWR**

**EMMA KATE STOUTE**

### ORDER

Emma Kate Stoute pleaded guilty to conspiracy to possess with intent to distribute a mixture or substance containing fentanyl. She was sentenced to 57 months in prison, and as part of her sentence, she was assessed a $1,500.00 fine. As a result, the Court included a Schedule of Payments in its judgment. But because Stoute's Schedule of Payments did not require immediate payment of her fine in full, she was enrolled in the Bureau of Prison's Inmate Financial Responsibility Program upon incarceration. The Bureau of Prisons was therefore responsible for setting Stoute's payment schedule.

In 2025, Stoute was incarcerated in Alderson, West Virginia. But she wrote to this Court and expressed concern about her required payments through the Inmate Financial Responsibility Program ("IFRP"). The Bureau of Prisons often sets the monthly amount based in part on how much money is in an inmate's account, even if friends or family members are the main source of income for that inmate in prison. Stoute asserted that her monthly payments of $194.50 were neither feasible nor realistic. Accordingly, she asked this Court to reduce the payment amount, or suspend her payment schedule until after her release from imprisonment.

The Court notes that the Bureau of Prisons has since unilaterally reduced her monthly fine amount to $25.00. Further, Stoute is now in a halfway house in Mississippi where she must get a job and pay toward her fine. So her initial request seems moot.

Nonetheless, Stoute has challenged a payment schedule administered by the BOP, and the Court will construe her request as a motion under 28 U.S.C. § 2241. And motions under 28 U.S.C. § 2241 must be brought in the district of incarceration and upon exhaustion of certain administrative remedies. Because Stoute has failed to exhaust the required administrative remedies, the Court must decline Stoute's request.

## I. BACKGROUND AND PROCEDURAL HISTORY

On November 27, 2023, Stoute pleaded guilty to conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of fentanyl. [100]. On March 21, 2024, she was sentenced to 57 months of imprisonment, followed by three years of supervised release. [142]. She was also assessed a $1,500.00 fine and $100.00 mandatory assessment fee. *Id.* The Court entered judgment on March 28, 2024. [130]. In addition to outlining her terms of imprisonment and conditions of supervision, the Court also outlined a Schedule of Payments. [130], p. 7. The Court checked boxes B, D, and F on the Schedule of Payments. Box B reads: "Payment to begin immediately (may be combined with C, D, or F below)." *Id.* Both Boxes D and F were selected. Box F[1] reads:

> Special instructions regarding the payment of criminal monetary penalties: *The payment of the fine shall begin while the defendant is incarcerated*. In the event that the fine is not paid in full prior to the termination of supervised release, the defendant is ordered to enter into a written agreement with the Financial Litigation Program of the U.S. Attorney's Office for payment of the remaining balance.

*Id.* (emphasis added). The Schedule of Payments provides further clarification on the expected timeline of repayment, explaining "[u]nless the court has expressly ordered otherwise, if this

---

[1] Box D, which establishes the payment schedule for any balance remaining upon an inmate's release from imprisonment, says: "Payments to be made in monthly installments of $50.00 over a period of 36 months, to commence 30 days after release from imprisonment to a term of supervision." [130], p. 7.

judgment imposes imprisonment, *payment of criminal monetary penalties is due during the period of imprisonment.* All criminal monetary penalties, except those made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court." *Id.* (emphasis added).

The Court previously received an unsigned letter from Stoute [151]. Stoute classified the letter as "an attempt to gain clarity on the Schedule of Payments clause of [her] judgment." [151], p. 1. First, Stoute argued that "the [BOP] staff responsible for assigning [IFRP] payments . . . have misinterpreted the exact verbiage of [the Court's] order . . . As a result, [her] [IFRP] payments have increased exponentially over the course of the last few months." *Id.* Specifically, while she was initially required to pay only $25.00 per quarter, she was then required to pay $194.50 per month. *Id.* And because her "job pays only $5.25 monthly," she argued that the payment schedule was neither "feasible nor realistic." *Id.* Stoute further explained that "if [BOP] staff were to honor box D of schedule of payments, [she] would complete payments totaling $1,800, rather than the combined total of $100 and $1,500 listed in the criminal monetary penalties." *Id.* And to conclude her request, Stoute asked this Court to issue "an additional order requiring a status hearing within 14 days to give [BOP] staff the opportunity to rectify the error while also ordering that payment not commence until after her release from imprisonment." *Id.* at 2.

Stoute attached her IFRP contract to her letter, which she signed on January 7, 2025. [151-1], p. 2. Stoute's IFRP contract includes a handwritten note which reads, "I signed this because if I refuse I can not graduate RDAP nor get my FSA's. However, having my family come up with the money is a struggle." *Id.*  But by signing the contract, Stoute voluntarily agreed to pay

$194.50 per month in fines.[2] *Id.* Stoute also attached a copy of her TRULINCS Account Transactions. *Id.* at 3.

The Bureau of Prisons has since moved Stoute to a halfway house in Hattiesburg, Mississippi [152] and her expected release date is November 12, 2026.[3] At the time of her correspondence, however, Stoute was incarcerated at Federal Prison Camp Alderson in Alderson, West Virginia. [151-2].

## II. DISCUSSION

The IFRP is a program maintained to encourage inmates to meet the financial obligations of their sentence. 28 C.F.R. § 545.10. Under the IFRP, BOP officers assist inmates to develop a financial plan to pay financial obligations, such as fines or restitution, while incarcerated. 28 C.F.R. § 545.11(a). The BOP determines the appropriate payment amount based on the inmate's financial profile, including "the inmate's specific obligations, institution resources, and community resources." 28 C.F.R. § 545.11(b)(1). And the BOP uses a formula to calculate the appropriate amount of IFRP payments. 28 C.F.R. § 545.11(b). And while participation in the IFRP is voluntary, refusal to participate carries consequences. 28 C.F.R. § 545.11(d).[4]

---

[2] Regardless of these consequences, participation in the IFRP is not involuntary because a prisoner does not have a preexisting right to receive any of the benefits conditioned on her participation in the IFRP. And "[t]he consequences for a prisoner who refuses to participate in the IFRP are reasonably related to the legitimate penological interest of rehabilitation, do not infringe on any constitutionally-protected liberty interest, and do not involve a prisoner's liberty interest." *United States v. Lemoine*, 546 F.3d 1042, 1049-50 (9th Cir. 2008); *see also Powell v. Warden, FCI Beaumont Low*, Civil Action No. 1:22-CV-581, 2024 WL 1289552, at *1 (E.D. Tex. Mar. 25, 2024).

[3] https://www.bop.gov/inmateloc/ (last visited June 10, 2026).

[4] An inmate's refusal to participate in the financial responsibility program might result in any of the following: the inmate will not receive any furlough; the inmate will not receive performance pay above the maintenance pay level, or bonus pay, or vacation pay; the inmate will not be placed in a community-based program; the inmate will not receive an incentive for participation in residential drug treatment programs; and the inmate will not be assigned to any work detail outside the secure perimeter of the facility. 28 C.F.R. § 545.11.

First, Stoute argues that her IFRP payments should be lowered because her then-payment of $194.50 per month was neither "feasible nor realistic." [151], p. 1.[5] In making that argument, "[she] is not challenging a payment schedule made by the court, but instead is opposing [her] scheduled payment amount under the IFRP. That program is administered by the BOP, and a challenge to BOP administrative programs must be filed under 28 U.S.C. § 2241 and in the district of incarceration."[6] *United States v. Diggs*, 578 F.3d 318, 319 (5th Cir. 2009) (citing *United States v. Lott*, 227 F. App'x 414 (5th Cir. 2007)). Accordingly, the Court construes Stoute's challenge to both the IFRP amount she is required to pay each month, as well as her request that payment be suspended until her release from incarceration, as a motion under 28 U.S.C. § 2241.

## A. Challenge to IFRP payment amount

Stoute's letter is similar to the appellant's request in *United States v. Poff*, No. 23-20209, 2024 WL 1478881 (5th Cir. 2024). There, the appellant explained that she "was ordered by the District Court to pay $25.00 a quarter" but that "[a]t the time [she] filed the original motion the BOP was attempting to make her pay $282 a month," which she argued "was completely unreasonable." *Poff*, 2024 WL 1478881, at *2. The court construed the appellant's request as a

---

[5] "An inmate makes payments under the IFRP according to a plan developed by BOP staff; the staff then monitors that inmate's progress in meeting [her] obligations under the plan . . . An IFRP minimum payment may exceed $25.00, taking into consideration the inmate's specific obligations, institution resources, and community resources." *Driggers v. Cruz*, 740 F.3d 333, 335 (5th Cir. 2014) (internal quotations omitted).

[6] Stoute was incarcerated in Alderson, West Virginia, at the time of her request, but she has since been relocated to a halfway house in Hattiesburg, Mississippi. *See* [152]. So the Southern District of Mississippi is currently the district of her incarceration. Though the Court might have concurrent jurisdiction over Stoute's request, jurisdiction is an open question and one the Court does not reach. *See McClure v. Hopper*, 577 F.2d 939, 939-40 (5th Cir. 1978) (jurisdiction attached upon initial filing for habeas relief); *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) (jurisdiction attached upon initial filing for habeas relief).

motion under 28 U.S.C. § 2241 because the appellant was "clearly challenging the BOP's administration of the IFRP." *Id.* [7]

But challenges to BOP programs must be brought under Section 2241 after all administrative remedies have been exhausted. *Diggs*, 578 F.3d at 320; *see also United States v. Tovar-Valencia*, 372 F. App'x 459, 461 (5th Cir. 2010). "An initial issue which a court must address when screening a § 2241 petitioner is whether the petitioner has exhausted his administrative remedies." *Cabello v. Tellez*, EP-23-CV-27-FM, 2023 WL 1423991, at *2 (W.D. Tex. Jan. 31, 2023) (citing *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam)). A petitioner must first exhaust all administrative remedies which might provide appropriate relief before seeking judicial review. *Cabello*, 2023 WL 1423991, at *2 (citing *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993)). And exhaustion here means "proper exhaustion," including compliance with all administrative deadlines and procedures. *Cabello*, 2023 WL 1423991, at *2.

To exhaust administrative remedies, a federal prisoner must use the BOP's multi-tiered administrative remedy program to "seek formal review of an issue relating to any aspect of [her] confinement." 28 C.F.R. § 542.10(a). First, she must attempt to informally resolve the complaint with the staff with a Form BP-8. 28 C.F.R. § 542.13(a). If her informal attempts are unsuccessful, she must submit a written complaint to her warden within twenty calendar days of the incident on a Form BP-9. 28 C.F.R. § 542.14. If she is not satisfied with the warden's response, she may appeal to the Regional Director within twenty days after the warden's response on a Form BP-10. 28 C.F.R.

---

[7] Other circuits to look at this issue agree that prisoners challenging their IFRP payment plans must do so under § 2241. *See Ihmoud v. Jett*, 272 F. App'x 525 (7th Cir. 2008) ("The IFRP is a means of executing an inmate's sentence, and thus complaints about the BOP's administration of the program are cognizable under 28 U.S.C. § 2241."); *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002) (holding that challenges of "IFRP payment schedule" are "correctly framed as § 2241 claims brought in the district where the sentence is being carried out.").

§ 542.15. If she is still unsatisfied, she may appeal to the Central Office within thirty days of the Regional Director's decision on a Form BP-11. *Id.*

But "[e]xceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62 (internal citations omitted). Exceptions are available only in extraordinary circumstances, and the petitioner bears the burden of demonstrating the futility of administrative review. *Id.*

Stoute does not mention any efforts to exhaust her administrative remedies, nor does she explain the futility of administrative review. And if she "has a meritorious claim, there is nothing to suggest that the BOP would not afford [her] relief through its administrative review process." *Cabello*, 2023 WL 1423991, at *3. If Stoute has identified an error in collecting her fine through the IFRP, she must afford the BOP an opportunity to correct the error before she is permitted to seek judicial intervention. *Id.*

Even if this Court has concurrent jurisdiction[8] over Stoute's motion, she still failed to exhaust her administrative remedies. This Court cannot afford Stoute relief.[9]

Because Stoute did not exhaust her administrative remedies, her request is denied.

---

[8] *See McClure*, 577 F.2d at 939-40 ("When McClure filed his petition, he was imprisoned within the Southern District. Jurisdiction attached upon the initial filing for habeas corpus relief. It was not destroyed upon the transfer of petitioner and accompanying custodial charge . . . While his transfer to the Northern District may have given both courts concurrent jurisdiction, it did not destroy the power of the Southern District court to rule in his case.").

[9] And in any event, Stoute is now paying only $25.00 per month. [152]. Indeed, "BOP officials periodically help each inmate make new IFRP plans by taking into account credits for past payments and IFRP mandated deductions." *Driggers*, 740 F.3d at 335.

**B. Challenge to IFRP schedule**

In addition to challenging the amount she is required to pay each month through the IFRP, Stoute also requested "an additional order requiring a status hearing within 14 days to give [BOP] staff the opportunity to rectify the error while also ordering that payments not commence until after her release from imprisonment." [151], p. 2.

Stoute's request to "suspend [her] payments must also be brought under § 2241." *Diggs*, 578 F.3d at 319. Because she "is again disputing payments under the IFRP, requesting that payments be suspended under that program[,] such a matter must be brought under § 2241. [She] voluntarily signed a contract under the IFRP, and any effort to change the terms of the contract must be made through § 2241." *Id.* at 320.

And for the same reasons that Stoute's challenges to the payment amount fail, so too does her challenge to the payment schedule. Indeed, Stoute failed to exhaust her administrative remedies. Accordingly, to the extent that Stoute seeks relief under 28 U.S.C. § 2241, that request is denied and dismissed without prejudice.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Stoute's request, which the Court construes as a motion under 28 U.S.C. § 2241 [151], is DENIED and DISMISSED WITHOUT PREJUDICE.

This, the 10th day of June, 2026.

_____
**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**

8